**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ANTHONY BREIDENBACH,

      Plaintiff,                              CASE NO. 01-40216

vs.                                         HON. PAUL V. GADOLA
                                              U.S. DISTRICT JUDGE

JOHN NICHOLS, et al,              HON. R. STEVEN WHALEN
                                              U.S. MAGISTRATE JUDGE

      Defendant.

_____/

**OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART PLAINTIFF'S MOTION TO
AMEND COMPLAINT [Docket #73], DENYING MOTION FOR
IMMEDIATE CONSIDERATION [Docket#78] AND DENYING
MOTION FOR SERVICE OF SUMMONS AND COMPLAINT ON
BEVERLY WISCOMBE [Docket #82]**

Before the Court is Plaintiff's Motion to Amend Complaint [Docket #73], Motion for Immediate Consideration [Docket #78], and Motion for Service on Beverly Wiscombe [Docket #82]. For the reasons discussed below, Plaintiff's motion to Amend will be GRANTED IN PART AND DENIED IN PART, the Motion for Immediate Consideration will be DENIED AS MOOT, and the Motion for Service on Wiscombe will be DENIED.

### I. FACTUAL AND PROCEDURAL BACKGROUND

The facts giving rise to this action are alleged to have occurred while Plaintiff was a pretrial detainee at the Oakland County Jail, where, on September 4, 1999, he attempted suicide. Plaintiff alleges that the Defendants acted with deliberate indifference

-1-

toward his medical needs, and that Plaintiff attempted suicide as a result of Defendants' gross negligence.

The Plaintiff's Complaint named, among others, Nurse Lopez as a Defendant.[1] An Answer to the Complaint was filed on December 3, 2001. On March 31, 2003, the Court, adopting a Report and Recommendation filed by the undersigned, denied summary judgment as to Defendants Triplett, Abbuhl, Sanford and Lopez.

Plaintiff now seeks to amend his Complaint in order to (1) add Nurse Beverly A. Wiscombe as a Defendant and (2) to claim compensatory and punitive monetary damages.

## II. STANDARD OF REVIEW

Fed.R.Civ.P. 15(a) states that after a responsive pleading is filed, a complaint may be amended only by leave of the court, and that "leave shall be freely given when justice so requires." However, despite the general rule of liberality with which leave to file amended complaints is to be granted, the Sixth Circuit has held that when a proposed amended complaint would not survive a motion to dismiss, the court may properly deny the amendment. *Neighborhood Development Corp. v. Advisory Council on Historic Preservation*, 632 F.2d 21, 23 (6th Cir. 1980); *Thiokol Corporation v. Department of Treasury*, 987 F.2d 376 (6th Cir. 1993).

## III. ANALYSIS

---

[1] The original Complaint was filed on August 17, 2001. Plaintiff was granted leave to amend/correct the Complaint on November 5, 2001.

Plaintiff argues that Nurse Wiscombe should be added as a Defendant "because she has a direct causal nexus to denying Plaintiff's mental and medical care under the 8th and 14th Amendment." *Motion to Amend*, p.3. In support, Plaintiff cites Defendants' Answer to the Complaint, filed on December 5, 2001, in which Wiscombe is identified as having made a computer error that led to Plaintiff being deprived of his medication:

> "Specifically, Nurse Lopez was not the duty nurse on either 9-1-99 and would not have been the one TO DENY plaintiff his medication, to check the computer on the plaintiff's status, nor was she the one who made a mistake in entering the inmate number, nor was she the one who indicted 'release' on plaintiff's chart and removed the remainder of his medication from the packet. The nurse who mistakenly handled the computer transaction and wrote 'released' on plaintiff's chart was Beverly Wiscombe, not named in this action." *Id.*, p.4, quoting *Answer to Complaint*, ¶2.

Plaintiff argues that a Rule 15(a) motion to amend should be granted because Wiscombe is a necessary and indispensable party who must be joined pursuant to Rule 19.

However, it is not necessary to conduct a Rule 19 analysis, because the statute of limitations has run as to Wiscomb, and therefore adding her as a Defendant would be futile.[2]

In a §1983 action, federal courts apply state personal injury statutes of limitations.

---

[2] Plaintiff has survived summary judgment as to four Defendants, including Nurse Lopez, and if he successfully prosecutes this lawsuit against any or all of those individuals, he will have a remedy, regardless of whether Wiscombe is joined as a Defendant. That another person might have potential liability does not make that person either a necessary or an indispensable party. *See generally PaineWebber, Inc. v. Cohen*, 276 F.3d 197 (6th Cir. 2001).

*See Wilson v. Garcia*, 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). For civil rights suits filed in Michigan under §1983, the statute of limitations is three years. *See* M.C.L. §600.5805(8); *Carroll v. Wilerson*, 782 F.2d 44, 45 (6th Cir. 1986). The limitations period begins to run when the plaintiff knows or has reason to know that the act providing the basis of his or her injury has occurred. *Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991).

By his own admission, the Plaintiff became aware or should have known of Wiscombe's potential liability when he received the Answer to his Complaint, which Defendants filed on December 5, 2001. At the latest, the limitations period began to run at that time. Plaintiff filed the present motion to amend on October 19, 2005, well after the three-year statute of limitations had run.

Accordingly, since it would be futile to amend the Complaint to add Nurse Wiscombe, Plaintiff's motion to do so must be denied.

However, under the "great liberality" standard of Rule 15(a), the Court will permit the Plaintiff to amend his Complaint to add a claim for compensatory and punitive damages. He made a claim for monetary damages in his original Complaint, but apparently neglected to do so in his First Amended Complaint. Given that he is a *pro se* litigant, that the omission appears to have been inadvertent, and that the Defendants will not be unfairly prejudiced, it is appropriate to grant that portion of the present motion.

## IV. CONCLUSION

Plaintiff's Motion to Amend Complaint [Docket #73] is DENIED as to his request to add Beverly A. Wiscombe as a Defendant.

Plaintiff's Motion to Amend [Docket #73] is GRANTED as to his request to add a claim for relief in the form of compensatory and punitive monetary damages.

Plaintiff's Motion for Immediate Consideration [Docket #78] is DENIED AS MOOT.

Plaintiff's Motion for Service of Summons and Complaint on Beverly Wiscombe [Docket #82] is DENIED.

SO ORDERED.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: June 1, 2006

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on June 1, 2006.

s/Susan Jefferson
Case Manager