UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY BREIDENBACH,

           Plaintiff,

                              CIVIL CASE NO. 01-40216

v.

SOPHIA TRIPLETT, et al.,                  HONORABLE PAUL V. GADOLA
                                                  U.S. DISTRICT COURT
           Defendants.
_____/

**ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION**

Before the Court are Plaintiff's Motion for Partial Summary Judgment and the Report and Recommendation of United States Magistrate Judge R. Steven Whalen. The Magistrate Judge issued his Report and Recommendation on February 15, 2007, recommending that Plaintiff's motion be denied. Both Plaintiff and Defendants filed objections to the Report and Recommendation. For the reasons below, the Court adopts the Report and Recommendation and denies Plaintiff's summary judgment motion.

**I.    Legal Standard**

The Court's standard of review for a Magistrate Judge's Report and Recommendation depends upon whether a party files objections. If a party does not object to the Report and Recommendation, the Court does not need to conduct a review by any standard. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) (Gadola, J.). If a party does object to portions of the Report and Recommendation, the Court reviews those portions de novo. *Lardie*, 221 F. Supp. 2d at 807. The Federal Rules of Civil Procedure dictate this standard of review in Rule 72(b), which states, in relevant part:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, or any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b). Here, because the parties have filed objections, this Court reviews de novo those portions to which an objection has been made. *See Lardie*, 221 F. Supp. 2d. at 807.

De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge; the Court may not act solely on the basis of a Magistrate Judge's Report and Recommendation. *See* 12 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 3070.2 (1997); *see also Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court may supplement the record by entertaining additional evidence, but is not required to do so. 12 Wright, Federal Practice § 3070.2. After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the Magistrate Judge. *See Lardie*, 221 F. Supp. 2d at 807. If the Court accepts a Report and Recommendation, the Court is not required to state with specificity what it reviewed; it is sufficient for the Court to state that it engaged in a de novo review of the record and adopts the Report and Recommendation. *See id.*; 12 Wright, Federal Practice § 3070.2.

## II.     Analysis

Plaintiff filed suit against Defendants pursuant to 42 U.S.C. § 1983, alleging that Defendants had violated Plaintiff's civil rights during Plaintiff's pretrial detention in Oakland County Jail. While in Oakland County Jail in August and September of 1999, Plaintiff suffered from suicidal tendencies which culminated in a suicide attempt on September 4, 1999. In his motion, Plaintiff argues that summary judgment in his favor should be found against Defendant Sophia Triplett

because there is no genuine issue of material fact that her deliberate indifference to Plaintiff's mental state when he was in custody was responsible for his suicide attempt. The Magistrate Judge recommended that Plaintiff's summary judgment be denied because there was sufficient evidence to create a genuine issue of material fact as to whether Defendant Triplett's actions rose to the level of deliberate indifference. Plaintiff filed objections, disagreeing with the Magistrate Judge's findings. Plaintiff argues that there is no genuine issue of material fact, and that, as a matter of law, Defendant Triplett was deliberately indifferent to Plaintiff's condition.

In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences in a light most favorable to the nonmoving party. *60 Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). There is evidence that in the days preceding Plaintiff's suicide attempt, Plaintiff told Defendant Triplett and others that he was feeling better and that he was no longer feeling suicidal tendencies. Viewing these facts in the light most favorable to the non-moving Defendant, there is a genuine issue of material fact as to whether Defendant Triplett acted with deliberate indifference in violation of Plaintiff's civil rights. *See Farmer v. Brennan*, 511 U.S. 825, 844 (1994) ("[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted."). The Court cannot say, as a matter of law, that Defendant Triplett's actions rose to the level of deliberate indifference. As the Magistrate Judge correctly observed, the nature of Defendant Triplett's actions is a question properly reserved for the trier of fact. Accordingly, Plaintiff's objections are overruled.

Defendants also filed an objection, not to the findings and conclusions of the Magistrate Judge, but to a factual statement of the Magistrate Judge. In particular, Defendants seek to correct

the incorrect statement that Defendant Triplett is a psychiatrist. Instead of a psychiatrist or medical doctor, Defendant Triplett is an inmate case worker. The Court sustains this objection, and notes that this does not change the Court's earlier analysis. Even though Defendant Triplett is an inmate case worker and not a psychiatrist, there remains a genuine issue of material fact as to whether Defendant Triplett's actions rose to the level of deliberate indifference.

**III. Conclusion**

Accordingly, after having reviewed the Magistrate Judge's Report and Recommendation, Plaintiff's motion for summary judgment, and the applicable portions of the record, **IT IS HEREBY ORDERED** that Plaintiff's objections [docket entry 98] to the Report and Recommendation are **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendant's objection [docket entry 96] to the Report and Recommendation is **SUSTAINED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation [docket entry 95] is **ACCEPTED and ADOPTED** as the opinion of this Court in a manner not inconsistent with this Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Partial Summary Judgment [docket entry 88] is **DENIED**.

**SO ORDERED.**

Dated:  March 30, 2007  　　　　　　　　　　s/Paul V. Gadola
　　　　　　　　　　　　　　　　　　　　　HONORABLE PAUL V. GADOLA
　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on   March 30, 2007   , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:                                                William G. Pierson           , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                       Anthony Breidenbach                .

                                                s/Ruth A. Brissaud
                                               Ruth A. Brissaud, Case Manager
                                               (810) 341-7845