**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ANTHONY BREIDENBACH,

      Plaintiff,                                CASE NO. 01-40216

vs.                                         HON. PAUL V. GADOLA
                                             U.S. DISTRICT JUDGE

JOHN NICHOLS, et al,                HON. R. STEVEN WHALEN
                                             U.S. MAGISTRATE JUDGE

      Defendant.

_____/

**OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART PLAINTIFF'S MOTION TO
AMEND COMPLAINT (ON REMAND)**

On October 19, 2005, Plaintiff filed a Motion to Amend Complaint [Docket #73], seeking to add Nurse Beverly Wiscombe as a Defendant. On February 15, 2007, the undersigned ordered that the Motion be denied because the statute of limitations had run as to Wiscombe, that is, more than three years had elapsed between the time Plaintiff became aware of her potential liability (December 5, 2001) and the filing of the motion to amend (July 17, 2006). In reviewing Plaintiff's objections to the Opinion and Order, the District Judge subsequently became aware that the December 5, 2001 date was a "typographical error," and that instead, Plaintiff argued that he became aware of Wiscombe by means of a document filed in March, 2003. Therefore, the District Court held that "the three-year statute of limitations does not apply in this case." *Order Referring Objection* [Docket #102]. The

Court further held:

> "Whether Plaintiff should be permitted to amend his complaint and add Wiscomb as a defendant is a question still to be determined. Being fully advised in the premises, the Court finds that referring the objection to Magistrate Judge Whalen for reconsideration is appropriate under the circumstances." *Id.*

On reconsideration, I will, for the reasons set forth below, deny the Motion to Amend to the extent that it seeks to add Wiscombe as a Defendant, but grant the Motion as to Plaintiff's request to add a claim for compensatory and punitive damages.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The facts giving attempted suicide. Plaintiff alleges that the Defendants acted with deliberate indifference toward his medical needs, and that Plaintiff attempted suicide as a result of Defendants' gross negligence.

The Plaintiff's Complaint named, among others, Nurse Lopez as a Defendant.[1] An Answer to the Complaint was filed on December 3, 2001. On March 31, 2003, the Court, adopting a Report and Recommendation filed by the undersigned, denied summary judgment as to Defendants Triplett, Abbuhl, Sanford and Lopez.

Plaintiff now seeks to amend his Complaint in order to (1) add Nurse Beverly A. Wiscombe as a Defendant and (2) to claim compensatory and punitive monetary damages.

## II. LEGAL PRINCIPLES

---

[1] The original Complaint was filed on August 17, 2001. Plaintiff was granted leave to amend/correct the Complaint on November 5, 2001.

Fed.R.Civ.P. 15(a) states that after a responsive pleading is filed, a complaint may be amended only by leave of the court, and that "leave shall be freely given when justice so requires." *See Foman v. Davis,* 371 U.S. 178, 181, 83 S.Ct. 227, 229, 9 L.Ed.2d 222 (1962); *Troxel Manufacturing Co. v. Schwinn Bicycle Co.,* 489 F.2d 968, 970 (6th Cir.1973); *Tefft v. Seward,* 689 F.2d 637 (6th Cir.1982); *Howard v. Kerr Glass Mfg.,* 699 F.2d 330, 333 (6th Cir.1983). Nevertheless, in *Minor v. Northville Public Schools*, 605 F.Supp. 1185, 1200-1201 (E.D.Mich. 1985), the Court stated:

> "However, such leave is inappropriate when there is 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, [or] undue prejudice to the opposing party by virtue of the allowance of amendment'. *Foman,* 371 U.S. at 182, 83 S.Ct. at 230; *Troxel,* 489 F.2d at 970. The determination of whether the motion to amend is to be granted is left to the sound discretion of the trial court. *Foman,* 371 U.S. at 182, 83 S.Ct. at 230; *Zenith Radio Corp. v. Hazeltine,* 401 U.S. 321, 330, 91 S.Ct. 795, 802, 28 L.Ed.2d 77 (1971); *Estes v. Kentucky Utilities Co.,* 636 F.2d 1131, 1133 (6th Cir.1980). Examination of the *Foman* factors is to be made in light of Rule 1's directive that the rules 'are to be construed to secure the just, speedy, and inexpensive determination of every action." Rule 1, Fed.R.Civ.P.; *Foman,* 371 U.S. at 182, 83 S.Ct. at 230.'"

Delay alone is generally not sufficient reason to deny a motion to amend; rather, "the critical factors to be examined are notice and substantial prejudice." *Estes, supra,* 636 F.2d at 1134; *Hageman v. Signal L.P. Gas,* 486 F.2d 479, 484 (6th Cir.1973). In *Minor*, 605 F.Supp. at 1201, the court observed that in determining the question of prejudice, "it is necessary to weigh the plaintiff's reasons for any delay in raising the issue proposed for amendment against the prejudice likely to be suffered by the defendant." In addition, "the longer the period of unexplained delay the less will be required of the nonmoving party to

show prejudice." *Id., quoting Advocat v. Nexus Industries, Inc.,* 497 F.Supp. 328, 331 (D.C.Del.1980). *See also Adams v. Gould,* 739 F.2d 858, 863 (3d Cir.1984) (holding that at some point, "delay will become 'undue,' placing an unwarranted burden on the court, or will become 'prejudicial,' placing an unfair burden on the opposing party").

### III. ANALYSIS

The Complaint in this case was filed in August of 2001, and the Plaintiff was granted leave to amend or correct the Complaint in November of 2001. Defendants point out, correctly, that the Plaintiff presumably had access to his medical records at that time, and could have, with reasonable diligence, determined that Wiscombe had potential liability. However, even setting that argument aside, Plaintiff clearly had knowledge of Wiscombe in March of 2003, as noted in the District Court's order remanding for reconsideration. Yet, he did not file his Motion to Amend until two and one-half years later, in October of 2005. Plaintiff has proffered no reason for this excessive delay.

Balanced against this unexplained two and one-half year delay is the undue prejudice to the Defendants if the Motion to Amend is granted. Again, the delay/prejudice calculation is a sliding scale: the longer the unexplained delay, the lower the burden on the non-moving party to demonstrate prejudice. *Minor, supra*. In this case, there would indeed be undue prejudice. First, the events giving rise to this cause of action occurred in September of 1999, almost eight years ago. While the District Court has held that the statute of limitations has not run, it is nonetheless evident that the Plaintiff's delay in seeking to amend even after he became aware of Nurse Wiscombe places her at a disadvantage in defending against such old

charges.

Furthermore, discovery in this case closed on January 31, 2005, and the dispositive motion cut-off date was March 2, 2005. *See Scheduling Order* [Docket #66]. These dates were re-scheduled following two previous scheduling orders [Docket #53 and 57].[2] If the amendment is permitted, discovery will have to be re-opened, and the resolution of this case will be even further delayed, with additional expense to the Defendants. Again, the *Minor* case is apropos:

> "Where there has been no good explanation for undue delay in seeking amendment, motions to amend complaints, which were filed well into or after completion of the discovery process, and which would necessitate further expense and discovery on the part of the opposing party, or greatly modify the issues to be tried, have been routinely denied. *Murphy v. White Hen Pantry Co.,* 691 F.2d 350 (7th Cir.1982); *Daves v. Payless Cashways, Inc.,* 661 F.2d 1022 (5th Cir.1981); *Roberts v. Arizona Board of Regents,* 661 F.2d 796 (9th Cir.1981); *Jordan v. County of Los Angeles,* 669 F.2d 1311 (9th Cir.1982); *Addington v. Farmers Elevator Mutual Insurance Co.,* 650 F.2d 663 (5th Cir.1981); *Goss v. Revlon, Inc.,* 548 F.2d 405 (2d Cir.1976); *Head v. Timken Roller Bearing Co.,* 486 F.2d 870 (6th Cir.1973); *Troxel Manufacturing Co. v. Schwinn Bicycle Co.,* 489 F.2d 968 (6th Cir.1973); *Watts v. Grand Union Co.,* 36 FRS 2d 364 (N.D.Ga.1982); *Copley v. Morality in Media,* CCH Emp.Prac., ¶ 31,569 (S.D.N.Y.1981); *Conroy Datsun Ltd. v. Nissan Motor Corp.,* 506 F.Supp. 1051 (1980).

Finally, there is no basis for Plaintiff's request to permit the addition of Wiscombe as an indispensable party under Fed.R.Civ.P. 19. Plaintiff has survived summary judgment as to four Defendants, including Nurse Lopez, and if he successfully prosecutes this lawsuit

---

[2] The rest of the scheduling order was held in abeyance on March 28, 2006 [Docket #77], but discovery had already closed by that date. The close of discovery, then, was unaffected by the March 28th Order.

against any or all of those individuals, he will have a remedy, regardless of whether Wiscombe is joined as a Defendant. That another person might have potential liability does not make that person either a necessary or an indispensable party. *See generally PaineWebber, Inc. v. Cohen*, 276 F.3d 197 (6th Cir. 2001).

However, under the "great liberality" standard of Rule 15(a), the Court will permit the Plaintiff to amend his Complaint to add a claim for compensatory and punitive damages. He made a claim for monetary damages in his original Complaint, but apparently neglected to do so in his First Amended Complaint. Given that he is a *pro se* litigant, that the omission appears to have been inadvertent, and that the Defendants will not be unfairly prejudiced, it is appropriate to grant that portion of the present motion.

## IV. CONCLUSION

Plaintiff's Motion to Amend Complaint [Docket #73] is DENIED as to his request to add Beverly A. Wiscombe as a Defendant.

Plaintiff's Motion to Amend [Docket #73] is GRANTED as to his request to add a claim for relief in the form of compensatory and punitive monetary damages.


SO ORDERED.


S/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: July 5, 2007

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on July 5, 2007.

                                        S/G. Wilson
                                        Judicial Assistant