**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ANTHONY BREIDENBACH,

      Plaintiff,                             CASE NO. 01-40216

vs.                                         HON. PAUL V. GADOLA
                                             U.S. DISTRICT JUDGE

JOHN NICHOLS, et al,              HON. R. STEVEN WHALEN
                                             U.S. MAGISTRATE JUDGE

      Defendant.

_____/

**ORDER DENYING APPOINTMENT OF COUNSEL**

On April 17, 2007, Plaintiff sent a letter to the Court inquiring as to whether counsel would be located and appointed to represent him [Docket #105]. A previous motion to appoint counsel was filed, and *pro bono* counsel agreed to take the case [*see* Docket #59]. However, that attorney, from Butzel Long, subsequently withdrew because of a conflict of interest [Docket #61, 62]. The Court then dismissed as moot Plaintiff's motion to appoint counsel. [Docket #63]. On September 20, 2004, the Plaintiff requested to once again proceed *pro se* [Docket #65]. On May 31, 2005, Plaintiff filed another motion to appoint counsel [Docket #71]. That motion was granted [Docket #77], and in its Order, the Court stated that it would seek *pro bono* counsel for Plaintiff.

The Court will construe Plaintiff's most recent letter [Docket #105] as a renewed Motion to Appoint Counsel.

-1-

Unlike criminal cases, there is no constitutional or statutory right to the appointment of counsel in civil cases. Rather, the Court requests members of the bar to assist in appropriate cases. In *Lavado v. Keohane*, 992 F.2d 601, 605-606 (6th Cir. 1993), the Sixth Circuit noted that "[a]ppointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances." (Internal quotations and citations omitted).

Nevertheless, the Court granted Plaintiff's previous motion, and has diligently sought counsel willing to represent him on a *pro bono* basis. However, all efforts to obtain counsel have been unsuccessful.

In addition, the Plaintiff was paroled on June 7, 2007, and has been released from prison into free society. As such, he no longer suffers the same impediments to seeking counsel that are faced by prison inmates; he now has the freedom to seek an attorney that might be willing to take this case on a contingent fee or other basis.

Therefore, this Court's previous order granting the Motion to Appoint Counsel and holding the scheduling order in abeyance [Docket #77] is VACATED.

Plaintiff's letter filed on April 17, 2007 [Docket #105], is construed as a Renewed Motion to Appoint Counsel, and is DENIED.

SO ORDERED.

                S/R. Steven Whalen
                R. STEVEN WHALEN
                UNITED STATES MAGISTRATE JUDGE

Dated: July 5, 2007

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on July 5, 2007.

                S/G. Wilson
                Judicial Assistant