UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY J. BREIDENBACH, #305704,

    Plaintiff,

v.

NURSE VICKIE LOPEZ, SOPHIA
TRIPLETT, DEPUTY ABBUHL, DEPUTY
SANFORD,

    Defendants.
                                       /

Case No. 2:01-CV-40216

HONORABLE STEPHEN J. MURPHY, III

**ORDER ACCEPTING AND ADOPTING**
**REPORT AND RECOMMENDATION (docket 135)**

This is a civil rights action under 42 U.S.C. § 1983 in which plaintiff, Anthony Breidenbach, has named Nurse Vickie Lopez, Sophia Triplett, Deputy Abbuhl and Deputy Sanford as Defendants. Before the Court are defendants' motion for summary judgment (docket no. 126), filed August 26, 2009, plaintiff's motion for partial summary judgment (docket no. 128), also filed on August 26, 2009, and the Report and Recommendation of Magistrate Judge R. Steven Whalen (docket no. 135), filed on February 9, 2010. The magistrate judge's Report and Recommendation recommended that plaintiff's motion for partial summary judgment be denied, and that defendants' motion for summary judgment be granted as to defendants Lopez, Abbuhl and Sanford, but be denied as to defendant Triplett. The Magistrate Judge also notified the parties that any objections must be filed within fourteen days of service, and the filing of objections that raise some issues but fail to raise others with specificity will not preserve all objections a party might have to the Report and Recommendation.

A District Court's standard of review for a magistrate judge's report and recommendation depends upon whether a party files objections. With respect to portions of a report and recommendation that no party objects to, the Court need not undertake any review at all. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). On the other hand, the Federal Rules of Civil Procedure provides that a district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); see also 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Thus, the Court will conduct de novo review of the portions of the Report and Recommendation to which the parties have made specific objection to the extent necessary to resolve the motions.

De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge; the Court may not act solely on the basis of a Magistrate Judge's Report and Recommendation. See 12 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 3070.2 (1997); see also *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court may supplement the record by entertaining additional evidence, but is not required to do so. 12 Wright, Federal Practice § 3070.2. After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the Magistrate Judge. *Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E..D. Mich. 2002). If the Court accepts a Report and Recommendation, the Court is not required to state with specificity what it reviewed; it is sufficient for the Court to state that it engaged in a de novo

review of the record and adopts the Report and Recommendation. *See id.*; 12 Wright, Federal Practice § 3070.2.

## ANALYSIS

### A. Defendants T. Sanford and Deputy Abbuhl

The plaintiff did not contest the motion for summary judgment as to defendants Abbuhl and Sanford, and on this basis the magistrate judge recommended that defendants' motion for summary judgment be granted as to Abbuhl and Sanford. No party has objected to this portion of the Report and Recommendation, and therefore the Court will adopt this portion of the Report and Recommendation, and will grant defendants' motion for summary judgment as to Abbuhl and Sanford, and dismiss all claims against defendants Abbuhl and Sanford with prejudice.

### B. Defendant Sofia Triplett

Sophia Triplett was Program Services Inmate Caseworker with the Oakland County Sheriff's Office in 1999 at the time when Breidenbach attempted suicide. The plaintiff has filed a motion for summary judgment against Triplett, arguing that there no genuine issue of material fact to dispute the contention that her deliberate indifference to his mental state was responsible for his suicide attempt. (docket no. 128). Triplett's cross-motion for summary judgment (docket no. 126) argues that, as a matter of law her conduct did not amount to deliberate indifference or gross negligence and that she is entitled to dismissal on the basis of qualified immunity.

The magistrate judge recommended that the Court deny both plaintiff's motion for partial summary judgment as to Triplett and Triplett's cross-motion for summary judgment. For the reasons stated below, this part of the Report and Recommendation will be affirmed and adopted.

### 1. Plaintiff's Motion for Partial Summary Judgment as to Triplett

In his motion, Breidenbach argues that summary judgment in his favor should be found against defendant Sophia Triplett because there is no genuine issue of material fact that her deliberate indifference to plaintiff's mental state when he was in custody was responsible for his suicide attempt. The Magistrate Judge recommended that Breidenbach's summary judgment be denied on two separate grounds: first, because there was sufficient evidence to create a genuine issue of material fact as to whether Defendant Triplett's actions rose to the level of deliberate indifference, and, second, on the basis of the law of the case doctrine, because the Court had already determined, in its order dated March 30, 2007, that material issues of fact precluded summary judgment for the plaintiff on the grounds of qualified immunity. (docket nos. 100, 135). Breidenbach filed specific objections to the report and recommendation, arguing that the magistrate judge's report and recommendation misapplied the law on qualified immunity. (docket no. 137). Breidenbach did not, however, object to that portion of the Report and Recommendation that recommended denying summary judgment based on the law of the case.

"'Issues decided at an early stage of litigation, either explicitly or by necessary inference from the disposition, constitute the law of the case." *Coal Resources, Inc. v. Gulf & Western Indus., Inc.*, 865 F.2d 761, 766 (6th Cir. 1989) (quoting *Kori Corp. v. Wilco Marsh Buggies & Draglines*, Inc., 761 F.2d 649, 657 (Fed Cir.), *cert. denied*, 474 U.S. 902 (1985)). The doctrine applies unless one of three "exceptional circumstances" exists: the evidence in a subsequent trial was substantially different, controlling authority has since made a contrary decision fo law applicable, or the earlier decision was clearly erroneous and would work a substantial injustice. *Id.* The magistrate judge recommended that the plaintiff's motion should be denied as to Triplett under the law of the case doctrine because

4

the Court has already denied plaintiff's motion for summary judgment as to Triplett, finding that material issues of fact precluded summary judgment for the plaintiff against Triplett. See docket no. 95 (Report and Recommendation) and docket no. 100 (Order Accepting and Adopting Report and Recommendation and Denying Plaintiff's Motion for Partial Summary Judgment). Breidenbach does not specifically object to this portion of the Report and Recommendation and therefore has not preserved review of this recommendation by this Court. The law of the case doctrine applies here and is sufficient grounds upon which to affirm the Report and Recommendation as to denying the plaintiff's summary judgment motion against Triplett. This Court need not and will not address the alternate contentions in plaintiff's objections, and will adopt this portion of the report and recommendation and deny plaintiff's motion for summary judgment as to Triplett.

      2. Triplett's Motion for Summary Judgment

In her motion for summary judgment, defendant Sophia Triplett argues that summary judgment be granted on the grounds of qualified immunity and governmental immunity. The Magistrate Judge recommended that Triplett's summary judgment motion be denied on two separate grounds: first, because there was sufficient evidence to create a genuine issue of material fact as to whether Defendant Triplett's actions rose to the level of deliberate indifference, and, second, because the Court had already determined, in its order dated March 31, 2003, that material issues of fact precluded summary judgment for Triplett on the grounds of qualified immunity and governmental immunity. (docket nos. 48, 51). Triplett filed objections, arguing that the magistrate judge's report and recommendation misapplied the law on qualified immunity. (docket no. 137). Triplett does not, however, object to that portion of the Report and Recommendation that recommended denying summary judgment to Triplett based on the law of the case.

As with plaintiff's motion for partial summary judgment at to Triplett, the law of the case applies here because the Court had already denied Triplett's earlier motion for summary judgment on the grounds of qualified immunity and governmental immunity. See docket no. 51 (Order adopting Report and Recommendation and denying summary judgment). Triplett does not specifically object to this portion of the Report and Recommendation in her objections, and therefore has not preserved review by this Court. The law of the case doctrine, discussed *supra*, applies here and is sufficient grounds upon which to affirm the Report and Recommendation. This Court therefore need not and will not address the alternate contentions in Triplett's objections, and will adopt this portion of the Report and Recommendation and will deny summary judgment to Triplett.

C. Defendant Vickie Lopez

The Magistrate Judge's Report and Recommendation recommended that the Court grant summary judgment to defendant Lopez on the grounds of qualified immunity. The plaintiff has filed timely and specific objections to this part of the Report and Recommendation, which the Court reviews de novo. The defendants raise no objections to this portion of the Report and Recommendation.

As to defendant Lopez, the magistrate judge recommended that the Court find that the first prong of the deliberate indifference test has been met because the plaintiff had a "sufficiently serious" medical need. The magistrate judge recommended, however, that the Court should nonetheless grant summary judgment because the record did not contain evidence from which a jury could conclude that the subjective prong of the test had been met. Specifically, the magistrate judge concluded that Lopez's "knowledge of Plaintiff's suicidal tendencies, and the relationship of his medication regimen to controlling those tendencies, was significantly less than that of Defendant Triplett." Report and

Recommendation at 14. The magistrate judge concluded that the evidence in the record showed that Lopez was not charged with making the determination that the plaintiff was a suicide risk; rather, Lopez's job was to pass out medicine. *Id.* The magistrate judge concluded that, based on the evidence in the record, "no reasonable jury could find that Lopez was deliberately indifferent, that is, that she perceived and disregarded the risk that Plaintiff would commit suicide because he did not have his medications." Report and Recommendation at p. 15. The magistrate judge concluded finally that even if the trier of fact found that Lopez should have checked the plaintiff's records and notify someone that he was not receiving his proper medication, this would amount to negligence, rather than gross negligence or deliberate indifference. *Id.*

The plaintiff specifically objects to the magistrate judge's recommendation that the Court's find that the subjective prong of the deliberate indifference test has not been met. The plaintiff argues that the following evidence satisfies the subjective prong of the test: the evidence shows that Lopez was working the afternoon shift of September 3, 1999 and was responsible for distributing medications in plaintiff's "pod" for that shift; that the plaintiff told Lopez that he was not receiving his medications; that defendant Sanford called medical to report that Breidenbach was not receiving his medicine at a time when Lopez was on duty and responsible for medicine distribution in plaintiff's area, and that Lopez was aware that she had a responsibility to follow up when a plaintiff informed her that he had not received his medication. See Plaintiff's objections p. 2-3. The plaintiff argues that the lack of notes indicating any attempt to resolve the failure in plaintiff's medication log shows that Lopez took no action despite being told that Breidenbach had not received his medication for three days and this failure creates a material issue of fact as to whether Lopez recklessly disregarded a substantial risk of serious harm. Plaintiff's objections p. 4. Plaintiff

7

argues that Lopez's failure to make an appropriate inquiry after being informed that plaintiff had not received his medicine for three days meets the criteria for deliberate indifference. *Id.,* p. 5.

The Court has reviewed de novo the briefs and the evidence submitted in support and in opposition to defendants' motion for summary judgment as to defendant Lopez and the relevant legal authority and finds that plaintiff's objections to the Report and Recommendation are without merit. The magistrate judge considered and correctly characterized all the evidence in the record that was relevant to defendants' motion for summary judgment as to defendant Lopez and correctly found that no reasonable jury could find from the facts in the record that Lopez perceived and disregarded the risk that Breidenbach would commit suicide because he did not have his medications. The magistrate judge did not draw any improper inferences from the evidence, but rather correctly applied the relevant precedent to the evidence in the record. The Court will therefore overrule the plaintiff's objections to this portion of the Report and Recommendation and will enter summary judgment in favor of Lopez.

## CONCLUSION

Accordingly, after having reviewed the Magistrate Judge's Report and Recommendation, defendants' motion for summary judgment, plaintiff's motion for partial summary judgment, and the applicable portions of the record, **IT IS HEREBY ORDERED** that the Report and Recommendation [docket entry 135] is **ACCEPTED** and **ADOPTED** as the opinion of this Court.

**IT IS FURTHER ORDERED** that plaintiff's motion for partial summary judgment [docket entry 128] is **DENIED**.

**IT IS FURTHER ORDERED** that defendants' motion for summary judgment [docket entry 126] is **GRANTED** as to defendants Lopez, Sanford and Abbuhl, and **DENIED** as to defendant Triplett.

**IT IS FURTHER ORDERED** that all claims against defendants Lopez, Sanford and Abbuhl, are **DISMISSED WITH PREJUDICE**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: March 26, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 26, 2010, by electronic and/or ordinary mail.

Alissa Greer
Case Manager